SOWLE
v.
THE STATE.

THE STATE *v.* MOORE and Others.

From the *Tippecanoe* Common Pleas.

*L. Wallace* and *W. F. Lane*, for the state.

*R. C. Gregory, R. Jones, H. S. Lane*, and *J. Wilson*, for the appellees.

*Per Curiam.*—No briefs having been filed by either party in these cases, the errors assigned will be considered as waived. See rule 28 of this Court; Ind. Dig. 722. The appeals are dismissed.

SOWLE *v.* THE STATE.

By section 29, 2 R. S. p. 436, if any person shall keep his building, &c., for gambling, he shall be fined, &c.; or if any person shall suffer his building to be used for gambling, he shall be fined, &c.

*Held*, 1. That under the first branch of the section there need be no averment in the information that gambling has actually taken place.

2. That an information predicated upon the second branch of the section must aver that gambling was suffered, and state the names of the persons suffered to gamble, or show a valid reason for not giving them.

APPEAL from the *Steuben* Court of Common Pleas.

WORDEN, J.—This was a prosecution by information against the appellant, for suffering his building, known as his "grocery," to be used for gaming. Trial, conviction, and judgment over a motion in arrest.

The objection to the information is, that it does not set forth the names of the persons who were suffered to gamble in the grocery, nor aver their names to be unknown, nor show any other excuse for not setting them forth.

It is settled that an information must, contain all the substantial requisites of an indictment at common law. *Mount* v. *The State*, 7 Ind. R. 654.

Such defect as is complained of was held to be fatal in